## SEPTEMBER 1999 CALENDAR

FROM: The District Court of the 13th Judicial District.
County of Yellowstone.

STATE OF MONTANA,

Plaintiff,                                          NO. DC-95-348

vs.                                                    DECISION

Ourgenny J. Ady,

Defendant.

On April 23, 1996, the defendant was sentenced to the following: Count I: five (5) year commitment to the Department of Corrections; and Count II: five (5) year commitment to the Department of Corrections, to run concurrently with each other, but consecutively to the sentence imposed in Lewis and Clark County Cause Number CDC-95-178.

On September 10, 1999, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Mark English. The state was represented by Margaret Gallagher.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that she understood this and stated that she wished to proceed.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be amended to a five (5) year commitment to the Department of Corrections on Count I and Count II, to run concurrently, with all of that time suspended.

The Board strongly recommends to the Department of Corrections that the defendant receive appropriate counseling, either inside or outside of prison, to deal with her sexual victimization issues. An added condition of probation is that the defendant complete a struc-

tured residential program where she can receive mental health counseling and chemical dependency treatment.

The reasons for the amended sentence are to facilitate the defendant's rehabilitation before she is released and to give the defendant adequate time to pay restitution, which is substantial. The Board recognizes the fact that the defendant in this case is also a victim of crime and the only violence the defendant has committed has been upon herself.

Done in open Court this 10th day of September, 1999.

DATED this 5th day of October, 1999.

**Chairman, Hon. Richard G. Phillips, Member, Hon. Jeffrey H. Langton and Member, Hon. Marge Johnson**